[Civil No. 919. Filed May 12, 1906.]

[86 Pac. 6.]

WILLIAM W. COOK, as Sheriff of the County of Maricopa,. Territory of Arizona, and THE UNITED STATES FIDELITY AND GUARANTY CO., a Corporation, De-- fendants and Appellants, v. MARY E. PURMAN, as. Administratrix of the Estate of D. M. Purman, Deceased,. Plaintiff and Appellee.

1. EVIDENCE—HEARSAY—VALUE OF PROPERTY—COMPETENCY.—In an action against a sheriff for a wrongful levy upon and sale of prop- erty, testimony of plaintiff that it was worth at least five thousand. dollars, is inadmissible, over objection, where on previous cross- examination she has stated that some of the articles were purchased. by her and some by her husband and as to the latter she knew only what her husband told her he had paid for them, the evidence as to the value of articles purchased by her husband being clearly hearsay and incompetent.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa.. Edward Kent, Judge. Reversed with directions.

The facts are stated in the opinion.

T. J. Prescott, (J. M. Jamison, of Counsel), for Appellants..

C. F. Ainsworth, for Appellee.

CAMPBELL, J.—This action was brought to recover· damages claimed to have been sustained by reason of the de-- fendant Cook, sheriff of Maricopa County, wrongfully levy-- ing on and selling certain personal property belonging to appellee, under a writ of execution issued on a judgment rendered against one John Q. White. The defendant, The· United States Fidelity and Guaranty Company, is surety on. the official bond of the sheriff. The case was tried to a jury,. and resulted in a verdict in favor of the plaintiff for three· thousand five hundred dollars. From the judgment entered. thereon and from an order refusing a new trial this appeal. is brought.

Several assignments of error present for review the action of the trial court in admitting, over the objection of defendants, the testimony of the plaintiff as to the value of the property claimed to have been wrongfully sold by the sheriff, and challenge the sufficiency of the entire evidence to sustain the verdict and judgment. The property sold consisted of household furniture and effects, including quite an extensive library. The only testimony as to the value of the property sold was that of the plaintiff, one witness who testified only as to the value of the library, fixing the same at the sum of fifteen hundred dollars, and the return of the sheriff showing that the property was sold under execution for the sum of $1,626.15. The plaintiff offered in evidence a detailed list of the property, showing the value of each article, which she testified had been made from memory, and offered to testify as to the value of the property. Objection was made and sustained to the introduction of the list, but the witness was permitted to testify, over objection, to the gross value of the property, which she testified was at least five thousand dollars. Before the witness was permitted to testify to this amount, the defendant asked and obtained leave to cross-examine her as to the source of her knowledge. She testified upon such cross-examination that some of the articles of furniture were purchased by her, and that she knew the cost price and value thereof; that some of the articles were purchased by her husband, who told her the amounts he paid for them, and that what her husband told her was the only source of her information as to the value of those articles. We think that the witness did not show herself competent to testify to the value of the articles which she herself did not purchase and did not know the value of except through what her husband told her. Such testimony was clearly hearsay and should not have been admitted. The evidence does not disclose the value of the articles concerning which she was competent to testify, and there is no competent testimony in the record upon which to found a judgment for $3,500. We think the court erred in denying the motion for a new trial.

The judgment is reversed, with directions that a new trial be granted.

SLOAN, J., and NAVE, J., concur.

DOAN, J.—I dissent. I think there was sufficient competent testimony in the record as to the value of the property to sustain the verdict.